Markman, J. (dissenting).
 

 I respectfully dissent from this Court's order denying leave to appeal. Instead, I agree with Judge O'Brien's partial dissent that this case is materially indistinguishable from the circumstances set forth in
 
 Allison v. AEW Capital Mgt., LLP
 
 ,
 
 481 Mich. 419
 
 ,
 
 751 N.W.2d 8
 
 (2008), and thus would reverse on the basis of that decision.
 
 [9]
 

 Plaintiff lived in an apartment complex that has side-by-side driveways with connected garages. The driveways connect the public road to each tenant's garage, and the garages open to their driveways and have rear-entry doors to a walkway that connects to the residential units. At the end of the row of garages, the driveways merge into an outdoor sidewalk that also leads to the residential units. Plaintiff and her husband parked their vehicle in front of their garage, which was the second garage to the right of the end of the row. Plaintiff collected groceries from the trunk of the vehicle and began to walk across the adjoining driveway toward the outdoor sidewalk, but as she walked, she slipped and fell on ice. The ice had allegedly unnaturally
 accumulated between the driveway closest to the sidewalk and plaintiff's driveway because of pooling from a downspout into an area of depressed and broken pavement. The rest of the driveway contained only small patches of snow. Tenants routinely walked across neighboring driveways to reach their residential units, rather than walking through the garage and exiting through the rear-entry doors.
 

 Plaintiff brought a claim against defendant, the apartment owner, seeking damages on the basis that defendant had violated the duty to keep the premises fit under MCL 554.139(1)(a). The trial court granted defendant's motion for summary disposition on the claim, but the Court of Appeals in a split decision reversed, concluding that genuine issues of material fact precluded summary disposition.
 
 Hendrix v. Lautrec, Ltd.
 
 , unpublished per curiam opinion of the Court of Appeals, issued October 27, 2016 (Docket No. 328191), p. 4,
 
 2016 WL 6393805
 
 . This Court then ordered oral argument on the application.
 
 Stacker v. Lautrec
 
 ,
 
 501 Mich. 1085
 
 ,
 
 911 N.W.2d 730
 
 (2018).
 

 The issue here concerns whether there is a genuine issue of material fact that defendant breached MCL 554.139(1)(a), which provides:
 

 (1) In every lease or license of residential premises, the lessor or licensor covenants:
 

 (a) That the premises and all common areas are
 
 fit for the use
 
 intended by the parties. (Emphasis added.)
 

 In
 
 Allison
 
 , this Court addressed a lessor's duty under MCL 554.139(1)(a) with regard to 1 to 2 inches of snow and ice covering the parking lot of an apartment complex. We observed that "a parking lot is constructed for the primary purpose of storing vehicles on the lot" and therefore a lessor has a duty under MCL 554.139(1)(a) to keep the lot fit for the parking of vehicles.
 
 Allison
 
 ,
 
 481 Mich at 429
 
 ,
 
 751 N.W.2d 8
 
 . This Court also "recognize[d] that tenants must walk across a parking lot in order to access their vehicles," but held that
 

 plaintiff did not show that the condition of the parking lot in this case precluded access to his vehicle. The Court of Appeals erred in concluding that, under the facts presented, the parking lot in this case was unfit simply because it was covered in snow and ice. [
 
 Id
 
 . at 430-431,
 
 751 N.W.2d 8
 
 .]
 

 This Court further explained that
 

 [t]here are conceivable circumstances in which a lessor may have a duty to remove snow and ice under MCL 554.139(1)(a), such as when the accumulation is so substantial that tenants cannot park or access their vehicles in a parking lot. As we have already observed, such circumstances were not present in this case. [
 
 Id
 
 . at 438,
 
 751 N.W.2d 8
 
 .]
 

 The Court of Appeals majority distinguished the instant case from
 
 Allison
 
 on the basis that
 

 a driveway is not a parking lot. Unlike a parking lot, the connected driveways in this case are not used primarily for parking in practice; they are also intended for pedestrian access to the garages and pedestrian access to the residential units. In these senses, the driveways are more akin to sidewalks. [
 
 Hendrix
 
 , unpub. op. at 4.]
 

 However, as correctly noted by Judge O'Brien in dissent, the parking lot in
 
 Allison
 
 was also "intended for pedestrian access to" the parking lot and the residential units.
 
 Id
 
 . at 1 (O'Brien, J., concurring in part and dissenting in part). Indeed,
 
 Allison
 
 explicitly recognized that "tenants must walk across a parking lot in order to access their vehicles,"
 
 Allison
 
 ,
 
 481 Mich. at 430
 
 ,
 
 751 N.W.2d 8
 
 , and thus concluded that
 a parking lot must also provide "reasonable access to [the tenants'] parked vehicles,"
 
 id
 
 . at 429,
 
 751 N.W.2d 8
 
 . In other words,
 
 Allison
 
 concluded that a parking lot must be "fit" for
 
 both
 
 parking vehicles
 
 and
 
 walking between the vehicles and the residential units. We then explained that the parking lot in that case was "fit" for walking between the vehicles and the residential units if it provided tenants "reasonable access" to each of those areas.
 
 Id
 
 . Similarly, the driveways at issue here are intended for the parking of vehicles, and as part of that intended use they must also be "fit" for walking between the vehicles and the residential units. Accordingly, as in
 
 Allison
 
 , the lessor had a similar duty to ensure "reasonable access" to both the parked vehicles and the residential units.
 

 Assuming
 
 arguendo
 
 that the Court of Appeals majority correctly concluded that, unlike the parking lot in
 
 Allison
 
 , the driveways at issue "are not used primarily for parking in practice,"
 
 Hendrix
 
 , unpub. op. at 4, this purported distinction does not alter the relevant legal inquiry. The statute does not alter a lessor's duty of "fitness" on the basis of whether an intended use of an area is
 
 primary
 
 or not. Rather, as in
 
 Allison
 
 , the driveways here were intended for
 
 both
 
 parking vehicles
 
 and
 
 walking between those vehicles and the residential units and as a result had to provide "reasonable access" to those areas. Thus,
 
 Allison
 
 precisely governs the determination of whether defendant violated MCL 554.139(1)(a) in this case, without regard to whether the driveways were "used primarily for parking in practice."
 

 The ice on the driveway did not deprive plaintiff of "reasonable access" to her vehicle or residential unit. As
 
 Allison
 
 again explained:
 

 While a lessor may have some duty under MCL 554.139(1)(a) with regard to the accumulation of snow and ice in a parking lot, it would be triggered only under much more exigent circumstances than those obtaining in in this case. The statute does not require a lessor to maintain a lot in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit .... Mere inconvenience of access ... will not defeat the characterization of a lot as being fit for its intended purposes. [
 
 Id
 
 . at 430,
 
 751 N.W.2d 8
 
 .]
 

 The ice on the driveway did not "preclude" plaintiff from accessing either her vehicle or her residential unit.
 
 Id
 
 . The ice did not extend across the width of the driveway and therefore could have been avoided. Thus, the accumulation here was, in fact, less "exigent" than in
 
 Allison
 
 , in which the entire lot was covered with ice and snow. Plaintiff notes, however, that, unlike the conditions in
 
 Allison
 
 , the ice on the driveway here was arguably created unnaturally by the formation of ice that resulted from pooling from a downspout into an area of depressed and broken pavement on the driveway. However, the lessor's duty under MCL 554.139(1)(a) relates to the
 
 condition
 
 of the area and does not change depending on whether an icy condition has been created by natural or unnatural causes. So long as the area itself is "fit for the use intended by the parties," there is no liability under MCL 554.139(1)(a). Because the driveways here, in my judgment, were entirely "fit" for the use of parking a vehicle and provided "reasonable access" to vehicles and residential units, plaintiff is not entitled to relief. Accordingly, I would reverse.
 
 [10]
 

 Zahra, J., joins the statement of Markman, J.
 

 Cavanagh, J., did not participate in the disposition of this case because the Court considered it before she assumed office.
 

 As Justice Viviano recognizes, neither party asks this Court to reexamine our decision in
 
 Allison.
 
 Moreover, because the driveway here was "fit for the use intended by the parties" under MCL 554.139(1)(a) when the injury occurred, it is unnecessary to assess whether
 
 Allison
 
 correctly interpreted that provision as imposing an ongoing obligation upon the lessor. However, even if Justice Viviano 's suggested interpretation of the statute were correct, I would still reverse, as plaintiff has not demonstrated that the driveway was unfit when the lease was executed.
 

 Plaintiff here also sought damages on the basis of common-law premises liability. The trial court granted defendant's motion for summary disposition on that claim, and the Court of Appeals affirmed. Plaintiff did not appeal the Court of Appeals' resolution of this issue and thus it is not before this Court.